UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. NAGY, and JOSEPH E. NAGY, <br><br>          Plaintiffs, <br><br>    v. <br><br> WELLS FARGO BANK, N.A.; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP; and ELIANA MCGRATH, <br><br>          Defendants. | CIVIL ACTION <br><br> No. 11-7104 |

**MEMORANDUM**

Joseph E. Nagy and Joseph A. Nagy brought this *pro se* action[1] on November 14, 2011, against Wells Fargo Bank, N.A. ("Wells Fargo"); Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"); and Eliana McGrath. Both Wells Fargo and Barrett Daffin have moved to dismiss the complaint. Wells Fargo has also moved, in the alternative, for a transfer of venue to the U.S. District Court for the Northern District of Texas. For the reasons that follow, the Court grants the motion for a transfer of venue.

**I. Background**

The well-pleaded factual allegations of the complaint must be assumed to be true

---

[1]This case was originally randomly assigned to the docket of the Honorable Louis H. Pollak. Upon Judge Pollak's recent death, pursuant to the Court's policies and procedures, this case was randomly reassigned to this Court.

in evaluating a motion to transfer for improper venue. *See, e.g.*, *Leone v. Cataldo*, 574 F. Supp. 2d 471, 483 (E.D. Pa. 2008).

According to the complaint, Messrs. Nagy and Nagy were formerly co-owners (with two others) of real property located in Rowlett, Texas. The property was mortgaged to Wells Fargo. The mortgage apparently fell into default, allegedly because of errors in the application of payments by Wells Fargo. In 2007, Wells Fargo foreclosed on the property, and it was sold at auction. Barrett Daffin represented Wells Fargo during the foreclosure. In 2008, the plaintiffs were forcibly evicted from the property. In 2011, Joseph E. Nagy relocated from Texas to New Jersey, where he now resides. Joseph A. Nagy also now resides in New Jersey. Plaintiffs continued their efforts to recover the property upon moving to New Jersey.

The mortgage foreclosure allegations underpin most of the complaint's claims for relief. But the complaint also alleges that plaintiff Joseph E. Nagy was formerly married to defendant Eliana McGrath, who resides in Texas. The two divorced in 2004. The complaint alleges that Ms. McGrath interfered in Joseph E. Nagy's efforts to see their children after the divorce. There are also various allegations concerning child support payments and the enforcement of child-support obligations by the Attorney General of Texas.

The complaint asserts that the conduct of the defendants violated the plaintiffs' federal constitutional rights to due process and equal protection. The plaintiffs also seek

to invoke several federal civil rights statutes; the federal criminal code; and various

common law theories, including fraud, negligent infliction of emotional distress, and

gross negligence.

Finally, the complaint refers at several junctures to prior litigation in both state and

federal court in Texas.  In particular, Joseph E. Nagy appears to have previously sued

Wells Fargo, Barrett Daffin, and others in the U.S. District Court for the Northern District

of Texas.  *See Nagy v. George*, Civ. No. 03-368, 2007 WL 2122175 (N.D. Tex. July 23,

2007) (dismissing claims), *aff'd*, 286 F. App'x 135 (5th Cir. 2008) (per curiam).

## II. Discussion

### A.    Venue

Both Wells Fargo and Barrett Daffin argue for dismissal of some or all of the

plaintiffs' claims on multiple grounds, including the *Rooker-Feldman* doctrine, lack of

personal jurisdiction, and failure to state claims upon which relief may be granted.  Both

of these defendants also argue that venue is improper in this court.  Fed. R. Civ. P.

12(b)(3).

Venue in this matter is controlled by 28 U.S.C. § 1391.  The application of that

statute depends, in turn, on the basis (if any) for this Court's exercise of subject-matter

jurisdiction.  If the subject-matter jurisdiction of the court is "founded only on diversity of

citizenship," then § 1391(a) applies; otherwise, § 1391(b) applies.[2]  Here, the plaintiffs'

complaint invokes both federal-question jurisdiction, 28 U.S.C. § 1331, and diversity

jurisdiction, *id.* § 1332(a).  Thus, jurisdiction is not "founded only on diversity," and

§ 1391(b) is the applicable venue provision.  That section provides as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of
> citizenship may, except as otherwise provided by law, be brought only in
> (1) a judicial district where any defendant resides, if all defendants reside in
> the same State, (2) a judicial district in which a substantial part of the events
> or omissions giving rise to the claim occurred, or a substantial part of
> property that is the subject of the action is situated, or (3) a judicial district
> in which any defendant may be found, if there is no district in which the
> action may otherwise be brought.

The residence of a corporate defendant for venue purposes is further specified in 28

U.S.C. § 1391(c).

Venue is not proper in the Eastern District of Pennsylvania under § 1391(b)(1)

because not all defendants reside in Pennsylvania: McGrath and Barrett Daffin are both

alleged to reside in Texas.  Venue is also not proper in this district under § 1391(b)(2),

because no event or omission giving rise to the plaintiffs' claims occurred in the Eastern

---

[2]Section 1391 was modified by the Federal Courts Jurisdiction and Venue
Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758.  Those changes, however,
apply only to actions commenced on or after January 6, 2012.  *See id.* § 205, 125 Stat. at
764 ("The amendments made by this title . . . shall take effect upon the expiration of the
30–day period beginning on [December 7, 2011] . . . and shall apply to . . . any action or
prosecution commenced on or after such effective date."); *see also Al's Family
Automotive v. Bennett*, Civ. No. 11-6237, 2012 WL 246226, at *1 n.2 (E.D. Pa. Jan. 25,
2012).  Because this action commenced on November 7, 2011, the prior version of § 1391
remains applicable.  All citations in this Memorandum refer to the prior version.

District of Pennsylvania. The complaint itself states: "The events giving rise to the claims occurred in Texas and New Jersey." Compl., at 2. Finally, venue is not proper under § 1391(b)(3), because there is an alternate judicial district in which this action could have been brought—namely, the Northern District of Texas. The majority of the plaintiffs' claims stem from a foreclosure on real property located in Rowlett, Texas. Rowlett is located in Dallas County and Rockwall County, which are both within the Northern District of Texas. 28 U.S.C. § 124(a)(1).

**B.     Transfer**

Having concluded that venue is not proper here, the Court turns to the question of transfer of venue. In its motion to dismiss or transfer, Wells Fargo has moved for a transfer of venue pursuant to 28 U.S.C. § 1404. "In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Having concluded that venue was not proper here, the Court will construe the defendant's motion as a request for transfer of venue under § 1406.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought." The

Court has already concluded that the Northern District of Texas appears to be a district in

which this action could have been brought, under 28 U.S.C. § 1391(b)(2).  Under the

circumstances, transfer of the action to the District Court for the Northern District of

Texas would be in the interest of justice.  That court appears to have been the site of prior

litigation involving some of the same parties; it would be well-positioned to evaluate the

merits of the plaintiffs' current claims.  Accordingly, in the accompanying Order, the

Court will transfer this case to the Northern District of Texas.

In ordering this transfer of venue, the Court does not address the merits of any of

the other grounds for dismissal cited by the defendants.  In particular, the Court declines

to address whether the defendants are subject to the personal jurisdiction of this court or

to the personal jurisdiction of the U.S. District Court for the Northern District of Texas.

Personal jurisdiction over the defendants is not a prerequisite to a transfer of venue.

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  Questions of personal jurisdiction,

service of process, etc. are best left for resolution in the Northern District of Texas.

BY THE COURT:

S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

6