**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSEPH A. NAGY, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **3:12-CV-1934-O-BK** |
| | § | |
| **WELLS FARGO BANK, N.A., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSION, and RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial

management.  Now before the Court are Defendant Wells Fargo Bank's motion to dismiss (Doc.

2) and Defendant Barrett, Dafin, Frappier, Turner & Engel's ("Barrett") motion to dismiss (Doc.

12).  For the reasons that follow, it is recommended that Defendants' motions to dismiss (Docs.

2, 12) be GRANTED, and that Plaintiffs' motions[1] (Docs. 5, 13-16, 34-36) and Defendant Wells

Fargo's motion for leave to file an amended motion to dismiss (Doc. 37) be DENIED AS

MOOT.

### BACKGROUND

On November 14, 2011, Plaintiffs filed a complaint in the Eastern District of

Pennsylvania against Defendants Wells Fargo Bank and Barrett for violations of numerous

federal statutes and the United States Constitution, and for various state law torts.  (Doc. 1 at 5-

7).  Plaintiffs' compla 20120727 Statement Regarding Settlement.pdf  int, as liberally construed,[2] asserts

claims against Defendants for wrongful foreclosure of Plaintiffs' property.  *Id*.  Plaintiffs seek to

---

[1]  Plaintiffs' motions are for declaratory judgment, entry of default judgment, and "*Praecipe for Writ of Execution*."

[2]  *Erickson v Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* litigant's pleadings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers).

(1) "cancel the unconstitutional Deed," (2) be awarded possession of the property, and (3)
"dismiss all unconstitutional judgments" against them arising out of the foreclosure of the
property. *Id.* Plaintiffs also bring suit against Eliana McGrath seeking "to stop the interference
of child custody; to stop the enforcement of the unconstitutional divorce decree; cancel the
unconstitutional child support lien; verify the child abuse, and stop the abuse of the children."
*Id.*

On January 12, 2012, Defendant Wells Fargo moved to dismiss Plaintiffs' claims
pursuant to, *inter alia*, Federal Rule of Civil Procedure 12(b)(1), or in the alternative to transfer
venue. (Doc. 2-1). Defendant Barrett subsequently filed its motion to dismiss. (Doc. 12). The
Pennsylvania Court transferred the case to this Court on June 20, 2012, declining to "address the
merits of any of the other grounds for dismissal cited by the [D]efendants." (Doc. 24 at 6).

APPLICABLE LAW AND ANALYSIS

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure
challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). "Federal
courts are courts of limited jurisdiction. They possess only that power authorized by
Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian
Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Courts "must presume that a
suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests
on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.
2001).

Although federal courts unquestionably have jurisdiction over claims arising under
federal law, "litigants may not obtain review of state court actions by filing complaints about
those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786

2

F.2d 688, 691 (5th Cir. 1986).  Under the *Rooker-Feldman* doctrine, [3] "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates his federal rights."  *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).  Under the *Rooker-Feldman* doctrine, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts."  *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citation omitted).

Errors in state cases should be reviewed and settled through the state appellate process. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).  And the United States Supreme Court, through a writ of *certiorari*, is the only federal court permitted to review state court decisions. *Weekly*, 204 F.3d at 615; *see also* 28 U.S.C. § 1257(a) (Supreme Court may review state final judgments "by writ of *certiorari* ... where the validity of a statute of any State is drawn in question on the ground of it being repugnant to the Constitution, treaties or laws of the United States").  The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'"  *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (quoting *Hale*, 786 F.2d at 691).

While only raised by Defendant Wells Fargo, the *Rooker-Feldman* doctrine is a jurisdictional doctrine, and this Court has the responsibility to consider the question of subject matter jurisdiction *sua sponte,* if it is not raised by the parties.  *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297

---

[3]  This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

(5th Cir. 1985). If the court determines that it lacks subject matter jurisdiction, it has a duty to

dismiss the case. *Giannakos*, 762 F.2d at 1297; FED. R. CIV. P. 12(h)(3). Thus, the Court

considers that matter of jurisdiction as to Plaintiffs' claims against all Defendants.

Plaintiffs' *Complaint* is replete with allegations that the state courts' foreclosure, divorce,

and child support orders are unconstitutional, and he seeks to enjoin enforcement of those state

orders. (Doc. 1 at 5, 8, 13-16, 22, 24). And while cast as federal civil rights and constitutional

claims against the named Defendants, Plaintiffs' federal claims are nothing more than an

impermissible collateral attack on those state court orders. Accordingly, this Court lacks subject

matter jurisdiction to review Plaintiffs' federal claims under the *Rooker-Feldman* doctrine. *See*

*Jordaan*, 275 F.Supp.2d at 788-89 (when federal action "is nothing more than a thinly veiled

attempt to circumvent the state appellate process and to collaterally attack – in the guise of a

federal civil rights action – the validity of a state court [judgment] and other related orders,"

lower federal courts lack subject matter jurisdiction over such action) Consequently, the Court

RECOMMENDS that Plaintiffs' federal claims be DISMISSED with prejudice. IT IS

FURTHER RECOMMENDED that the Court decline to exercise supplemental jurisdiction over

Defendants state tort claims (Doc. 1 at 6, 11, 19-24), and that those claims be DISMISSED

without prejudice. 28 U.S.C. § 1367(c).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendants' motions to dismiss (Docs.

2, 12) be GRANTED, that Plaintiffs' federal claims be DISMISSED with prejudice and that

Plaintiffs' state law claims be DISMISSED without prejudice to filing in state court. Plaintiffs'

pending motions (Docs. 5, 13-16, 34-36) and Defendant Wells Fargo's motion for leave to file an

amended motion to dismiss (Doc. 37) should be DENIED AS MOOT.

Moreover, in light of their filing history, [4] Plaintiffs should be warned that if they persist in filing lawsuits that fail to state a claim or over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar them from bringing any further action without first obtaining leave of court.  *See* FED. R. CIV. P. 11(b)(2) and (c)(1).  Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [their] orders, judgments, procedures, and authority."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such power is the authority "to levy sanctions in response to abusive litigation practices."  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

**SO RECOMMENDED** on July 27, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] Notably, Plaintiff's claims challenging the divorce decree and the foreclosure judgment have previously been denied under the *Rooker-Feldman* doctrine by the Court.  *See Nagy v. George, et al.*, No. 3:07-CV-00368-K-BH, Docs. 77, 82; *see also Nagy v. Wells Fargo, et al.*, No. 3:08-CV-00457-N, Docs. 9, 11.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE